**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-3410-WJM-MDB

ALEJANDRA MAGANA NAVARRO,

Petitioner,

v.

ANDRES ALBERTO LARA SOLIS,

Respondent,

And Concerning:

I.L.M.,

Minor Child.

---

**ORDER GRANTING PETITIONER'S EXPEDITED**
**MOTION FOR SUBSTITUTED SERVICE**

---

Before the Court is Petitioner Alejandra Magana Navarro's ("Petitioner") Expedited Motion for Substituted Service ("Motion"). (ECF No. 19.)

For the following reasons, the Court grants the Motion.

## I. BACKGROUND

Petitioner filed this case on July 27, 2026. (See ECF No. 1.) Notwithstanding numerous and persistent attempts to do so, Petitioner has to date been unable to personally serve Respondent. Petitioner sent two process servers to Respondent's confirmed address multiple times. (See Petitioner's Exhibits 2, 6 at ECF No. 18.) Petitioner has directly sent the Summons and Petition to Respondent and asked Respondent to waive service multiple times using Respondent's confirmed e-mail. (See

Petitioner's Exhibits 7, 8, 10.) Petitioner has sought the assistance of the El Paso Sheriff's Department, and she has mailed the Summons and Petition to Respondent via Federal Express. (See Petitioner's Exhibits 4, 5.)

Petitioner's second process server, Mr. Michel, asked a babysitter at Respondent's home to convey the documents to Petitioner multiple times, but she refused. (See Petitioner's Exhibit 8.) Petitioner contacted Respondent's counsel, Mr. Patoile, by letter, email, and phone and asked him to waive service (See Petitioner's Exhibit 3; supra ¶¶ 8-9.), and that professional courtesy was denied. (Supra ¶ 9.)

## II. ANALYSIS

Federal Rule of Civil Procedure 4 provides:

> (e) ... Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Petitioner has failed at effecting service pursuant to Rule 4(e)(2)(A) and (B).

Colorado is the forum state and allows substituted service upon motion by the party who has been unsuccessful effecting personal service. C.R.C.P. 4(f). The motion must be

supported by an affidavit of the person attempting service and shall state:

> (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.
>
> *Id*.

If the court is satisfied that the unsuccessful party has used due diligence to attempt personal service, that further attempts to obtain service would prove fruitless, and that "the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall":

> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

*Id*.

Here, the Court finds that Petitioner has exhausted all attempts at service under Federal Rule of Civil Procedure 4(e)(2). Petitioner has made numerous attempts to serve Respondent, including by seeking the El Paso County Sheriff's Department. Because Petitioner has been unsuccessful in effecting service on Respondent under Rule 4(e)(2), the Court finds she may do so under Rule 4(e)(1), that is, following state law in the forum state. As such, the Colorado Rules of Civil Procedure pertaining to service of process control for purposes of Federal Rule of Civil Procedure 4(e)(1). And so, because the Court finds that Petitioner has been unable to serve Respondent pursuant to Federal Rule 4(e)(1), she may do so as provided for under Colorado Rule of Civil Procedure 4.

Petitioner argues that she has been unable to serve Respondent as provided for in Colorado Rule 4(e)(1), which governs personal service, and she thus seeks personal service as outlined in Colorado Rule 4(f), which governs substituted service. In the Court's view, Petitioner has employed extraordinary due diligence in attempting to serve Respondent, so she is entitled to substituted service under Colorado Rule 4(f).

The Court finds that Petitioner has exhausted all possible avenues to serve Respondent under both Federal Rule 4(e)(2) and Colorado Rule 4(e)(1) and that Respondent appears to be actively and intentionally evading her attempts to effect such service. To remedy this purposeful manipulation of Court rules and procedures, the Court finds it appropriate in these circumstances for Petitioner to serve Respondent by certified or registered mail at his confirmed home address.

## III. CONCLUSION

For these reasons, the Court FINDS that Petitioner has employed substantial due diligence in attempting to serve the Respondent, and it FURTHER FINDS that additional efforts to effect in-hand service of process would almost certainly to be of no avail.

Accordingly, IT IS ORDERED that the Motion for Substituted Service is GRANTED:

1. Petitioner shall effect service of process by serving Respondent Andres Lara Solis with a copy of the Summons and Complaint, along with a copy of this Order, by means of Certified or Registered Mail delivered to Respondent's confirmed home address at 7535 Potomac Drive, Colorado Springs, CO 80920-8030;

2. Petitioner shall file proof of the foregoing service of process with the Court no later than two Court business days after the above documents are delivered to Respondent's home address; and

3. Upon the filing of such proof of service the Magistrate Judge shall promptly set a Scheduling Conference in order to expeditiously move this matter forward.

Dated this 22nd day of September, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge